UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600,<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530,<br><br>*Defendants*. | Case No. 25-cv-4220 |

## COMPLAINT

*Introduction*

1. American Oversight brings this action following failures by the Department of Defense ("DOD") and the Department of Justice ("DOJ") to produce records in response to requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relating to U.S. military strikes on alleged Venezuelan drug trafficking boats.

2. On or around September 2, 2025, Secretary of Defense Pete Hegseth reportedly gave a verbal order to "kill everybody" aboard a boat in international waters near the Caribbean Sea that the Trump administration suspected of transporting drugs for the Venezuelan gang Tren de Aragua.[1]

---

[1] *See* Alex Horton & Ellen Nakashima, *Hegseth Order on First Caribbean Boat Strike, Officials Say: Kill Them All*, Wash. Post, Nov. 28, 2025, https://www.washingtonpost.com/national-

3.  On September 2, 2025, the U.S. military launched a total of four strikes against the boat, killing 11 people and sinking the vessel.[2]

4.  Military commanders monitored the September 2 strikes via live video feed taken from a U.S. surveillance aircraft.

5.  After smoke cleared from the first strike, U.S. commanders reportedly witnessed two survivors clinging to smoldering wreckage floating in the sea.[3]

6.  The commander in charge of the September 2 operation, Admiral Frank M. "Mitch" Bradley, ordered a second strike that killed the two survivors.[4]

7.  According to experts, if survivors of the initial strike were killed as reported, such conduct could amount to a war crime.[5]

8.  Reportedly, the day after the strike, "Pentagon officials were still working . . . on what legal authority they would tell the public was used to back up the extraordinary strike in international waters."[6]

9.  On September 15, 2025, President Trump announced a second strike against a boat from Venezuela allegedly carrying drugs, which killed three people.[7]

---

security/2025/11/28/hegseth-kill-them-all-survivors-boat-strike/; Helene Cooper et al., *Trump Says U.S. Attacked Boat Carrying Venezuelan Gang Members, Killing 11*, N.Y. Times, Sept. 2, 2025, https://www.nytimes.com/2025/09/02/us/politics/trump-venezuela-boat-drugs-attack.html.
[2] *See* Horton & Nakashima, *supra* n.1.
[3] *Id.*
[4] *Id.*
[5] *Id.*; *see also* Jacob Wendler, *Lawmakers Warn Hegseth May Have Committed War Crimes Following Second-Strike Report*, Politico (Nov. 30, 2025, 3:20 PM), https://www.politico.com/news/2025/11/30/war-crimes-hegseth-venezuela-strikes-00671160.
[6] Eric Schmitt et al., *Trump Administration Says Boat Strike Is Start of Campaign Against Venezuelan Cartel*, N.Y. Times, Sept. 3, 2025, https://www.nytimes.com/2025/09/03/us/politics/hegseth-venezuela-drug-strike.html.
[7] *See, e.g.*, Joe Walsh, *Trump Announces Second U.S. Strike Against Alleged Drug Boat from Venezuela*, CBS, Sept. 15, 2025, https://www.cbsnews.com/amp/news/trump-strike-second-alleged-venezuela-drug-boat/.

10. The family of a Columbian fisherman who died in the September 15 boat strike has filed a formal complaint with the Inter-American Commission on Human Rights, alleging that the U.S. government illegally killed him.[8]

11. In the weeks following the September 2 strikes, the Trump administration reportedly notified Congress that the Justice Department's Office of Legal Counsel had rendered an opinion supporting the legality of the strikes.[9]

12. According to the administration, the U.S. is in "non-international armed conflict" with "designated terrorist organizations."[10]

13. A Pentagon spokesperson told the *Washington Post*, "[l]awyers up and down the chain of command have been thoroughly involved in reviewing these operations prior to execution" and "no lawyer involved has questioned the legality of the Caribbean strikes and instead advised subordinate commanders and [Defense] Secretary [Pete] Hegseth that the proposed actions were permissible before they commenced."[11]

14. There are significant concerns among legal and military experts, as well as members of both parties in Congress, over an arguable lack of legal basis or justification for these strikes.[12]

---

[8] Laura Romero, *Family of Columbian Fisherman Killed in U.S. Boat Strike Files Complaint Alleging He Was Murdered*, ABC News, Dec. 3, 2025, https://abcnews.go.com/International/family-colombian-fisherman-killed-us-boat-strike-files/story?id=128056901.

[9] *See* Horton & Nakashima, *supra* n.1.

[10] *Id.*

[11] Ellen Nakashima, et al., *U.S. Troops Not Liable in Boat Strikes, Classified Justice Dept. Memo Says*, Wash. Post, Nov. 12, 2025, https://www.washingtonpost.com/national-security/2025/11/12/trump-drug-boat-venezuela-legal/.

[12] *See, e.g.*, Scott R. Anderson, *Did the President's Strike on Tren de Aragua Violate the Law?*, Lawfare, Sept. 5, 2025, https://www.lawfaremedia.org/article/did-the-president-s-strike-on-tren-de-aragua-violate-the-law; Nik Popli, *Boat Strike Revelations Draw Bipartisan Outrage, Spurring Push for Hearings as Soon as 'Next Week,'* Time, Dec. 1, 2025,

15. Experts have raised ongoing questions of whether the President had constitutional authority to approve these strikes and whether these actions potentially violated domestic and international law, particularly in light of recent reporting about the strikes on survivors.[13]

16. The September 2 and September 15 boat strikes were just the first two of at least 23 recent U.S. military strikes on boats in the Caribbean Sea and the Pacific Ocean.[14]

17. According to the Pentagon, the strikes have killed a total of at least 82 people the Trump administration accuses of smuggling drugs.[15]

18. The public is entitled to understand the factual and legal rationale on which the administration relied in carrying out its September 2 and September 15 lethal military strikes against alleged drug-smuggling boats, especially as new reporting suggests that survivors were targeted and killed.

19. On September 29, 2025, American Oversight submitted FOIA requests to DOD and DOJ seeking records that could shed light on the legal justifications for the September 2 and September 15 strikes, as well as communications regarding the government's public-facing statements about those legal justifications to the media or other public officials.

20. In light of the need to inform the public concerning this matter, American Oversight brings this lawsuit to challenge the government's failure to respond to American Oversight's FOIA requests.

---

https://time.com/7337928/boat-strike-congress-hegseth-hearings-video-release/; *see also* Horton & Nakashima, *supra* n.1.
[13] *See, e.g.*, Anderson, *supra* n.12; Popli, *supra* n.12; *see also* Horton & Nakashima, *supra* n.1.
[14] Horton & Nakashima, *supra* n.1.
[15] Matthew Olay, *Pentagon Provides Update on Operation Southern Spear, Reaffirms Socom Called for Second Strike on Drug Boat*, Pentagon News, Dec. 2, 2025, https://www.war.gov/News/News-Stories/Article/Article/4346303/pentagon-provides-update-on-operation-southern-spear-reaffirms-socom-called-for/.

**JURISDICTION AND VENUE**

21. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

22. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

23. Defendants have failed to comply with the applicable time-limit provisions of FOIA.

24. American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

25. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

26. Defendant U.S. Department of Defense is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

27. DOD has possession, custody, and control of records that American Oversight seeks.

28. Defendant U.S. Department of Justice is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Legal Counsel ("OLC") is a component of DOJ.

29. DOJ and/or OLC have possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

30. On September 29, 2025, American Oversight submitted three FOIA requests to DOD and one FOIA request to DOJ (collectively, "American Oversight's FOIA requests").

*DOD Legal Justifications Request*

31. On September 29, 2025, American Oversight submitted a FOIA request to DOD ("DOD Legal Justifications Request"), bearing American Oversight tracking number DOD-25-2288, seeking the following records:

> Records reflecting all final legal justification identified for the September 2, 2025, and September 15, 2025, military strikes against boats from Venezuela allegedly transporting drugs by Tren de Aragua gang members,[] including legal opinions, advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications).
>
> American Oversight believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the General Counsel.
>
> **Please provide all responsive records created, issued, or in effect from August 1, 2025, through the date the search is conducted.**

32. A true and correct copy of the DOD Legal Justifications Request is attached as

6

Exhibit A, and American Oversight incorporates Exhibit A by reference as though stated fully herein.

33. On September 29, 2025, DOD emailed American Oversight acknowledging receipt of the request and assigning it tracking number 25-F-4254.

34. As of the time of this filing, DOD has not communicated further with American Oversight about the DOD Legal Justifications Request.

35. As of the time of this filing, DOD has not issued a final determination in response to the DOD Legal Justifications Request.

36. As of the time of this filing, DOD has not produced any records responsive to the DOD Legal Justifications Request.

*DOD Talking Points Request*

37. On September 29, 2025, American Oversight submitted a FOIA request to DOD ("DOD Talking Points Request"), bearing American Oversight tracking number DOD-25-2289, seeking the following records:

> All talking points and background materials prepared by, provided to, or otherwise in the possession of the Department of Defense regarding the September 2, 2025, and September 15, 2025, military strikes against boats from Venezuela allegedly transporting drugs by Tren de Aragua gang members,[] including, but not limited to, the legal justification for the strikes. This includes all talking points and background materials used in briefings for members of Congress or the media.
>
> American Oversight believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Assistant to the Secretary of Defense for Public Affairs and the Office of the Assistant Secretary of Defense for Legislative Affairs.[]
>
> **Please provide all responsive records created, issued, or in use from August 15, 2025, through the date the search is conducted.**

38. A true and correct copy of the DOD Talking Points Request is attached as Exhibit B, and American Oversight incorporates Exhibit B by reference as though stated fully herein.

39. On September 29, 2025, DOD emailed American Oversight acknowledging receipt of the request and assigning it tracking number 25-F-4255.

40. As of the time of this filing, DOD has not communicated further with American Oversight about the DOD Talking Points Request.

41. As of the time of this filing, DOD has not issued a final determination in response to the DOD Talking Points Request.

42. As of the time of this filing, DOD has not produced any records responsive to the DOD Talking Points Request.

*DOD Dissent Memos Request*

43. On September 29, 2025, American Oversight submitted a FOIA request to DOD ("DOD Dissent Memos Request"), bearing American Oversight tracking number DOD-25-2290, seeking the following records:

> All official and unofficial dissent memoranda and complaints (such as formal memoranda, ethics complaints, and/or informal email communications) submitted to the Department of Defense regarding the September 2, 2025, and September 15, 2025, military strikes against boats from Venezuela allegedly transporting drugs by Tren de Aragua gang members.[]
>
> American Oversight requests all such documents received from employees, appointees, or contractors of the Department of Defense. To be clear, American Oversight is not asking your agency to release the names of any individuals who have submitted responsive documents and does not object to withholding the name of any individual expressing dissent.
>
> **Please provide all responsive records from August 15, 2025, through the date the search is conducted.**

44. A true and correct copy of the DOD Dissent Memos Request is attached as Exhibit

8

C, and American Oversight incorporates Exhibit C by reference as though stated fully herein.

45. On September 29, 2025, DOD emailed American Oversight acknowledging receipt of the request and assigning it tracking number 25-F-4256.

46. On November 18, 2025, DOD emailed a letter to American Oversight advising that American Oversight's request for a fee waiver was under review and claiming that DOD would not be able to respond to the DOD Dissent Memos Request "within the FOIA's 20-day statutory time period" due to one or more of the "unusual circumstances" outlined in the FOIA.

47. As of the time of this filing, DOD has not communicated further with American Oversight about DOD Request 3.

48. As of the time of this filing, DOD has not issued a final determination in response to the DOD Dissent Memos Request.

49. As of the time of this filing, DOD has not produced any records responsive to the DOD Dissent Memos Request.

*DOJ Legal Justifications Request*

50. On September 29, 2025, American Oversight submitted a FOIA request to DOJ ("DOJ Legal Justifications Request"), bearing American Oversight tracking number DOJ-OLC-25-2287, seeking the following records:

> Records reflecting all final legal justification identified for the September 2, 2025, and September 15, 2025, military strikes against boats from Venezuela allegedly transporting drugs by Tren de Aragua gang members,[] including legal opinions, advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications).
>
> **Please provide all responsive records created, issued, or in effect from August 1, 2025, through the date the search is conducted.**

51. A true and correct copy of the DOJ Legal Justifications Request is attached as

Exhibit D, and American Oversight incorporates Exhibit D by reference as though stated fully herein.

52. As of the time of this filing, DOJ has not communicated with American Oversight about the DOJ Legal Justifications Request.

53. As of the time of this filing, DOJ has not issued a final determination in response to the DOJ Legal Justifications Request.

54. As of the time of this filing, DOJ has not produced any records responsive to the DOJ Legal Justifications Request.

*Exhaustion of Administrative Remedies*

55. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

56. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

57. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

58. American Oversight properly requested records within Defendants' possession, custody, and control.

59.  Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

60.  Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

61.  Defendants' failures to conduct adequate searches for responsive records violates FOIA and applicable regulations.

62.  Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

63.  American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

64.  American Oversight properly requested records within Defendants' possession, custody, and control.

65.  Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

66.  Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA requests.

67.  Defendants' failures to provide all non-exempt responsive records violate FOIA and applicable regulations.

68.  Plaintiff American Oversight is therefore entitled to declaratory and injunctive

relief requiring Defendants to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to the FOIA requests identified in this pleading;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FOIA requests identified in this pleading and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the FOIA requests identified in this pleading;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 4, 2025                    Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org

*Counsel for Plaintiff*